**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAN E. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   03-1097 T/An |
| | ) | |
| THE PROCTER AND GAMBLE | ) | |
| MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

---

## REPORT AND RECOMMENDATION

---

Before the Court is Plaintiff's Motion to Strike the Affidavits of Charles Reed, Robert Alvey, and Angelia Legions filed on October 25, 2004.  United States District Judge James D. Todd referred this matter to the Magistrate Judge for a report and recommendation.  For the reasons set forth below, the Court recommends the Motion be **DENIED**.

### BACKGROUND

Plaintiff filed the instant motion to strike the affidavits of Ms. Angelia Legions, Mr. Robert Alvey, and Mr. Charles Reed, which were attached to Defendant's Motion for Summary Judgment.[1]  Plaintiff states in his Motion that the Court's Rule 16(b) Scheduling Order set June 18, 2004 as the deadline for completing all discovery.  After the June 18, 2004 deadline, Defendant identified Ms. Legions, Mr. Alvey and Mr. Reed as potential witnesses.  Plaintiff therefore argues that because Defendant did not disclose these persons before the close of

---

[1]Ms. Legions has since been married and is now known as Ms. Angelia Legions Teague.  The Court will refer to Ms. Teague as Ms. Legions in this Order.

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on ___05-17-05___

124

discovery and because Plaintiff was not afforded the opportunity to confront or cross examine these witnesses, their affidavits should be stricken from Defendant's Motion for Summary Judgment. Plaintiff also argues "the affidavits contain information that is redundant, immaterial, impertinent, or scandalous." (Pl.'s Mot. to Strike Affidavits, at 1). Plaintiff states that Defendant's failure to disclose Ms. Legions, Mr. Albey, and Mr. Reed was an attempt to circumvent the Federal Rules of Civil Procedure. Plaintiff, however, does not explain how failing to disclose these persons would be prejudicial to his case.

Defendant responded to the Motion on November 15, 2004. In its response, Defendant argues the affidavits should not be stricken because Plaintiff has suffered no prejudice and because these witnesses are rebuttal witnesses. Defendant argues it is not required to disclose rebuttal witnesses. Although he was permitted to do so pursuant to Fed. R. Civ. P. 56(f), Defendant also argues that the Motion should be denied because Plaintiff did not request a continuance of these proceedings to give him time to depose or otherwise question these three individuals.

## ANALYSIS

The Federal Rules of Civil Procedure allow a party to attach exhibits to a motion for summary judgment. In particular, Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). These three requirements are mandatory. *See* Charles A. Wright et al., *Federal Practice & Procedure* § 2738 (2d ed. 1983). Affidavits that do not satisfy the requirements of Rule 56(e) are subject to motions to strike. *See Reddy v. Good Samaritan Hosp.*

*& Health Ctr.*, 137 F. Supp. 2d 948, 954 (S.D. Ohio 2000). "[A]ll materials submitted in support or in opposition to a motion for summary judgment must set forth facts that would be admissible at trial." *Fiordalisi v. Zubek*, 342 F. Supp. 2d 737, 741 (N.D. Ohio 2004).

Plaintiff states that the affidavits of Ms. Legions, Mr. Alvey and Mr. Reed should be stricken because these individuals were not identified until after the deadline for completing discovery and because the affidavits contain redundant, immaterial, impertinent and/or scandalous information. However, Plaintiff did not file a Memorandum of Law with his Motion as required by the Local Rules for the Western District of Tennessee. *See* Local Rule 7.2(a)(1) for the Western District of Tennessee (noting that all motions filed in the Court shall be "accompanied by a supporting memorandum of facts and law"). Nevertheless, the Court has reviewed the arguments submitted by Plaintiff and concludes the Motion should be denied.

Plaintiff submits this Motion pursuant to Fed. R. Civ. P. 12(f) and 16(b), but he does not offer any facts to support a finding that the affidavits should be stricken pursuant to Fed. R. Civ. P. 12(f). As Defendant mentions in its Response, Rule 12(f) applies only to pleadings and affidavits are not pleadings. Specifically, Rule 12(f) notes:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). Therefore, because Rule 12(f) is inapplicable to the instant Motion, the Court will not consider it when deciding if the affidavits should be stricken.

Plaintiff next argues that the affidavits should be stricken because Defendant did not disclose the individuals before the close of discovery. According to Defendant, Plaintiff

3

identified Mr. Alvey and Ms. Legions in his deposition. Defendant claims that these two persons

will be used for impeachment purposes only at trial. (*See* Opp'n to Mot. to Strike, at 5-6). Rule

26(a)(1) does not require disclosure of witnesses who will be used solely for impeachment

purposes. *See* Fed. R. Civ. P. 26(a)(1) (noting a party must identify all persons likely to have

discoverable information for a case, unless used "solely for impeachment"). Moreover, while

Plaintiff did not mention Mr. Reed at his deposition, Defendant submits that Mr. Reed's

testimony will be used to rebut a claim made by Plaintiff regarding his prior employment. (*See*

Opp'n to Mot. to Strike, at 5). Because it appears that Defendant will use all three individuals

for impeachment purposes, Defendant was not required to disclose the individuals in its Rule 26

Initial Disclosures. Therefore, the Court concludes the affidavits should not be stricken because

Defendant did not disclose Ms. Legions, Mr. Reed, and Mr. Alvey in its Initial Disclosures.

Even if Defendant intends to offer the testimony of these witnesses for some reason other

than impeachment purposes, Plaintiff has not demonstrated that he will be prejudiced by

Defendant's failure to disclose the witnesses prior to the discovery deadline. As mentioned

above, Plaintiff did not submit a Memorandum of Law with his Motion, and Plaintiff did not

explain how he would be prejudiced if the affidavits are considered by the Court. While Plaintiff

does state that he was denied the ability to cross examine and confront the witnesses, the Court

notes that Plaintiff identified two of these individuals in his deposition. Plaintiff, therefore, was

aware of Ms. Legions and Mr. Alvey and could have taken statements from them or deposed

them if he had chosen to do so. Without more, Plaintiff has not demonstrated that he has been

prejudiced.

The Court has reviewed the affidavits of Mr. Charles, Ms. Legions, and Mr. Alvey, and after review, the Court concludes that all affidavits are made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated within each affidavit.  The Court does not conclude that any of the affidavits contain redundant, immaterial, impertinent, or scandalous information.  Therefore, for these reasons, the Court recommends that Plaintiff's Motion to Strike be **DENIED**.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT.  FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 16, 2005

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 124 in case 1:03-CV-01097 was distributed by fax, mail, or direct printing on May 17, 2005 to the parties listed.

R. Lawrence Ashe
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Stephen D. Wakefield
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Cynthia G. Burnside
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Dan E. Long
188 Skyridge Dr.
Jackson, TN 38305

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Venita Marie Martin
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT