## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

DAN E. LONG,                          )
                                      )
      Plaintiff,              )
                                      )
v.                                    )          NO.    03-1097 T/An
                                      )
THE PROCTER AND GAMBLE                )
MANUFACTURING CO.,                    )
                                      )
      Defendant.              )

---

### ORDER DENYING MOTION TO STRIKE AFFIDAVIT OF DAN E. LONG
### FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

---

Before the Court is Defendant Procter & Gamble's Motion to Strike Plaintiff's Affidavit

in Opposition to Motion for Summary Judgment filed on January 7, 2005. United States District

Judge James D. Todd referred the matter to the Magistrate Judge for determination. For the

reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Defendant filed a Motion for Summary Judgment with the Court on August 9, 2004, and

Plaintiff responded to Defendant's Motion for Summary Judgment on December 16, 2004.

Plaintiff attached the affidavit of Plaintiff Dan E. Long ("Plaintiff") to its Opposition to

Defendant's Motion for Summary Judgment. In the instant Motion, Defendant has asked the

Court to strike Plaintiff's affidavit, or in the alternative to disregard various paragraphs in the

affidavit, because the affidavit does not comply with the requirements of Fed. R. Civ. P. 56(e).

Specifically, Defendant alleges that the affidavit contains various inconsistencies, is not based

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___05-17-05___

upon Plaintiff's personal knowledge and because the affidavit contains statements that are based on inadmissible hearsay.

Plaintiff responded to the Motion to Strike on February 14, 2005. Plaintiff argues that his affidavit does not materially contradict his deposition. Plaintiff also argues that all issues of credibility must be decided by the jury, not the Court. Finally, in response to Defendant's argument that Plaintiff lacked the personal knowledge needed, Plaintiff argues that "[p]ersonal knowledge is a legal term of art, and the standard that should be applied by this Court is whether Mr. Long was in a position to obtain the knowledge or whether he can call witnesses to present the evidence at trial." (Resp. to Mot. to Strike, at 7).

## ANALYSIS

The Federal Rules of Civil Procedure allow a party to attach exhibits to a motion for summary judgment or to a response to a motion for summary judgment. In particular, Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). These three requirements are mandatory. *See* Charles A. Wright et al., *Federal Practice & Procedure* § 2738 (2d ed. 1983). Affidavits that do not satisfy the requirements of Rule 56(e) are subject to motions to strike. *See Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 954 (S.D. Ohio 2000).

"[A]ll materials submitted in support or in opposition to a motion for summary judgment must set forth facts that would be admissible at trial." *Fiordalisi v. Zubek*, 342 F. Supp. 2d 737, 741 (N.D. Ohio 2004). Nevertheless, "[c]redibility determinations, the weighing of the evidence,

2

and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Therefore, the Court should not strike an affidavit merely because it raises some concerns of the credibility of a witness.

In *TJ's South, Inc. v. Town of Lowell*, 895 F. Supp. 1125 (N.D. Ind. 1995), a tavern brought action challenging constitutionality of town zoning ordinance requiring eating and drinking establishments to obtain permission, in form of special exception, from town council and zoning board before presenting entertainment. When the plaintiff filed its Motion for Summary Judgment, the defendant moved to strike portions of affidavits submitted by plaintiff. The Court, however, held that because the motion to strike involved "matters of witness credibility and an overzealous definition of what constitutes a legal conclusion," the motion should be denied. *Id.* at 1127.

In another case, an employer brought suit against a former employee to recover on a promissory note and an employment contract. The trial court entered summary judgment for the employer, and the employee appealed. On appeal, the Fifth Circuit Court of Appeals held that "a district court *must* consider all the evidence before it and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980) (emphasis added). "An opposing party's affidavit should be considered although it differs from or varies his evidence as given by deposition or another affidavit and the two in conjunction may disclose an issue of credibility." *Id.* (quoting 6 *Moore's Federal Practice* ¶ 56-15(4), at 56-522). One exception to this rule is when an issue raised in an affidavit constitutes a sham. *See id* at 893-94. A sham would be present, for

3

example, when a party attempts to inject a factual dispute through a contradictory affidavit to save the case from summary judgment.

While it does appear that there are some inconsistencies between statements made by Plaintiff in his affidavit and statements made during his deposition, the Plaintiff may be able to explain the apparent inconsistencies or offer testimony from other witnesses to further explain or clarify the overall situation that he is addressing. Moreover, whether or not some of the statements are believable or not requires an assessment of the Plaintiff's credibility. As stated by the United States Supreme Court, credibility issues are for the jury to decide. Following *Town of Lowell* and *Bone*, the Court concludes that Plaintiff's affidavit should not be stricken, and Defendant's Motion is **DENIED**.

Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: _May 16, 2005_

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 125 in case 1:03-CV-01097 was distributed by fax, mail, or direct printing on May 17, 2005 to the parties listed.

---

R. Lawrence Ashe
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Stephen D. Wakefield
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Cynthia G. Burnside
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Dan E. Long
188 Skyridge Dr.
Jackson, TN 38305

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Venita Marie Martin
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT