IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DAN E. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   03-1097 T/An |
| | ) | |
| THE PROCTER & GAMBLE MANUFACTURING CO., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION TO STRIKE

Before the Court is Defendant's Renewed Motion to Strike the Affidavits of Willie Carney, Reginald Charles, and Tony Lusby filed in Opposition to Defendant's Motion for Summary Judgment filed on April 19, 2005. United States District Judge James D. Todd referred this matter to the Magistrate Judge for determination. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Defendant filed a Motion for Summary Judgment with the Court on August 9, 2004, and Plaintiff responded to Defendant's Motion for Summary Judgment on December 16, 2004. Plaintiff attached the affidavits of Tony Lusby ("Lusby"), Willie Carney ("Carney"), and Reginald Charles ("Charles") to its Opposition to Defendant's Motion for Summary Judgment. Defendant first filed a Motion to Strike these affidavits with the Court on December 21, 2004, but the Court ruled that it was premature to consider striking the affidavits. Rather, the Court

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on __07-11-05__

permitted Defendant additional time to depose Lusby, Carney, and Charles, and allowed Defendant to re-file the motion to strike, if needed.

After conducting the depositions, Defendant re-filed its Motion to Strike and requests that the Court strike the affidavits of Lusby, Carney and Charles because (1) the affiants failed to base their affidavits on personal knowledge, (2) the affidavits conflict with the witnesses' deposition testimony, and (3) a portion of Mr. Lusby's affidavit is irrelevant and is overly prejudicial to Defendant. Plaintiff responded to the Renewed Motion to Strike and has argued that the affidavits are, in fact, based on personal knowledge, are not contradicted by deposition testimony, and contain information that is relevant to these proceedings.

## ANALYSIS

### I. Legal Standard

The Federal Rules of Civil Procedure allow a party to attach exhibits to a motion for summary judgment or to a response to a motion for summary judgment. In particular, Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). These three requirements are mandatory. *See* Charles A. Wright et al., *Federal Practice & Procedure* § 2738 (2d ed. 1983). Affidavits that do not satisfy the requirements of Rule 56(e) are subject to motions to strike. *See Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 954 (S.D. Ohio 2000).

First, the Court should ensure that each affidavit is based on personal knowledge. It is the burden of the party submitting the affidavit to show circumstances indicating the witness has

2

based the statement on personal knowledge. *See Schneider v. United States*, 257 F. Supp. 2d 1154, 1158 (S.D. Ind. 2003). Affidavits not based upon personal knowledge should be stricken. Second, "all materials submitted in support or in opposition to a motion for summary judgment must set forth facts that would be admissible at trial." *Fiordalisi v. Zubek*, 342 F. Supp. 2d 737, 741 (N.D. Ohio 2004). In other words, the affidavits "must concern facts as opposed to conclusions, assumptions, or surmise." *Perez v. Volvo Car Corp.*, 247 F.3d 303, 316 (1st cir. 2001) (citing *Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir 1999)). "While the line between facts and non-facts often seems blurry, courts nonetheless must strive to plot it." *Id.* Courts should be specific in deciding which provisions of an affidavit are not appropriate, and the Court should strike only those exact provisions which are not appropriate. *See id.* at 315 (noting that applying Rule 56 "requires a scalpel, not a butcher knife").

When looking at a motion to strike, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Therefore, the Court should not strike an affidavit merely because it raises some concerns of the credibility of a witness.

## II. The Affidavits

### A. <u>Affidavit of Tony Lusby</u>

Using a scalpel, not a butcher knife, the Court concludes that a portion of paragraph 9 of Lusby's affidavit should be stricken. Specifically, paragraph 9 states that "[t]hereafter, Mr. Yeager signed the inspection log sheet and reported that all devices due for inspection that month were 100% complete; however, Don Ellis did not actually perform the safety checks." (Aff. of

3

Tony Lusby, at 2). Lusby fails to state how he came to know that Yeager signed the inspection sheet after Ellis allegedly failed to perform the safety checks. Although Ellis and Lusby worked in the same module, the Court needs more information that specifically shows that Lusby has personal knowledge that Ellis did not perform the safety checks. Moreover, paragraph 9 continues that "Mr. Yeager's report was false;" however, Lusby does not explain how he knows Yeager's report was false. (*Id.* at 2). Lusby offers nothing from which the Court can conclude that he had personal knowledge that the report was in fact false. Lusby then concludes that "Mr. Yeager was required to base his report on the individual inspection sheets completed by each inspection. He did not do so in creating this report." (*Id.*). This conclusory statement is premised on the previous statements which lack any personal knowledge basis. Therefore, because these portions of paragraph 9 are not based upon personal knowledge, they should be stricken.

Paragraph 10 states that "Procter & Gamble did not discipline Mr. Yeager for the false report." (*Id.*). Again, Lusby offers nothing from which the Court could conclude that he had personal knowledge about disciplinary action, if any, that Procter & Gamble may have taken against Yeager. As such, this statement should also be stricken.

Paragraph 12 should also be stricken from Lusby's affidavit. Paragraph 12 states that "[a]t least sixteen African-American technicians filed charges of discrimination with the Equal Employment Opportunity Commission against Procter & Gamble between 1999 and 2001." (*Id.*). From 1999 to 2001, Lusby was a Process Safety Engineer and a Technical Safety Program Leader at Procter & Gamble. Although employed in these positions, Lusby provides the Court with no information as to how he would have personal knowledge regarding EEOC charges filed

4

by African-American individuals against Procter & Gamble. Therefore, because Plaintiff has not met his burden of establishing that his affidavit was made with personal knowledge, paragraph 12 should be stricken.

## B. Affidavit of Willie Carney

Several statements within Willie Carney's affidavit should be stricken. The Court should strike all of paragraph 4, which states that "Procter & Gamble did not customarily terminate white employees who allegedly falsified logs." (Aff. of Willie Carney, at 1). Paragraph 4 is a conclusory statement, and as previously mentioned, affidavits "must concern facts as opposed to conclusions, assumptions, or surmise." *Perez*, 247 F.3d at 316.

In paragraph 5, the Court should strike the sentence that states "[t]he fire was caused because Ms. Legions did not follow the shut down checklist." (*Id.*). This is a conclusory statement, and while Carney may have worked on an adjacent line to Ms. Legions, he does not necessarily have the personal knowledge needed to state what caused a fire. Carney fails to state in his affidavit that he was actually present when the fire started, and Carney fails to list any other specifics about when and how the fire occurred. Simply stating that the fire was Ms. Legions' fault and stating his opinion as to what caused the fire is not sufficient.

Also in paragraph 5, the Court should strike the sentence that states "Ms. Legions signed-off, thereby indicating she had performed the steps on the checklist, by initialing the log, although she had *apparently* not done so." (*Id.* at 2) (emphasis added). As emphasized in this sentence, Carney states that Ms. Legions had "apparently" not performed the steps on the checklist. "Apparently" equates to speculation; therefore, because speculative statements should not be included in affidavits, this sentence should be stricken.

5

The Court should finally strike the following contained in paragraph 5: "There was no problem with the processor that day. If Ms. Legions had followed each step, the fire would not have started if Ms. Legions had cleared out all the chips." (*Id.*). Carney does not state how he knew there was not a problem with the processor on the day in question, or even state the exact date when this incident occurred. (*See id.* at 1) (stating that the incident occurred "[i]n or about 2000"). Without more, general statements that the fire would not have occurred is not based on personal knowledge. Therefore, these sentences should be stricken.

The Court should strike all of paragraph 6 in Carney's affidavit. This paragraph reads that

> *Upon my knowledge information and belief*, Ms. Legions was not disciplined for this conduct. More often that not, when a technician was advanced in the Compatibility System, Procter & Gamble's disciplinary system, there was much talk about it around the plant. Additionally, the team manager usually held a meeting with team members to discuss the appropriate level of discipline.

(*Id.* at 3) (emphasis added). Statements "made on information and belief do not satisfy the requirements of Fed. R. Civ. P. 56(e)." *Hilliard v. Scully*, 537 F. Supp. 1084, 1090 n.21 (S.D.N.Y. 1982). Therefore, the Court should strike Paragraph 6.

The Court should also strike the portion of paragraph 7 that states: "In or about November or December 2000, Ms. Legions, then a T-3, caused another fire in the processor. I was also at work that day. Again, Ms. Legions failed to remove all chips in the processor; however, she signed the log indicating that she had removed all burnt chips from the upper-blow basket." (Aff. of Willie Carney, at 3). Similar to his statements in paragraph 5, Carney has provided the Court with no indication as to how he is qualified to state what caused the fire. The fact he "was at work that day," without more, is of little value to the Court. Carney also does not state how he

knows Ms. Legions did not remove the burnt chips or that he personally saw Ms. Legions sign the log. For these reasons, this portion of paragraph 7 contains conclusory accusations not based upon personal knowledge, so this portion should be stricken.

Finally, paragraph 8 reads that "[a]s far as I know, Ms. Legions was not placed in the disciplinary system for this fire." (*Id.* at 2). "As far as I know" equates entirely to speculation, so all of paragraph 8 should be stricken.

### C. Affidavit of Reginald Charles

Likewise, several statements in the Reginald Charles affidavit should be stricken. In paragraph 3 of the affidavit, Charles states that "[i]n 2001, Don Walls, [a] white male technician, signed off on a raw materials quality control log indicating that he had verified that all the correct ingredients and percentage of ingredients had been entered into the recipe." (Aff. of Reginald Charles, at 1). Charles, however, fails to state how he obtained this information. Charles does not state that he witnessed Walls sign off on the control log, and he does not state how he was even aware that Walls verified that the correct ingredients were entered into the recipe. Therefore, this sentence should be stricken.

Also in paragraph 3, Charles states that "Mr. Walls had in fact misformulated the dough." (Aff. of Reginald Charles, at 1). This statement, however, is entirely conclusory, so it should be stricken from the affidavit. Charles gives no basis for the statement that Walls misformulated the dough. Therefore, because an affidavit "must concern facts as opposed to conclusions, assumptions, or surmise," *Perez*, 247 F.3d at 316, this sentence should be stricken.

Paragraph 5 of the Charles affidavit states that "Don Walls also signed a raw material log indicating that he had entered the correct recipe." (Aff. of Reginald Charles, at 2). Similar to his

7

statements in paragraph 3, Charles does not explain how he has personal knowledge that Walls signed the raw material log. Charles yet again fails to state he was responsible for overseeing the log, or that he witnessed Walls sign the log. As such, because Plaintiff has not met its burden of establishing the sentence was based on personal knowledge, this portion of paragraph 5 should be stricken.

Paragraph 6 of the Charles affidavit states that "[s]everal shifts later, another technician discovered that, contrary to the log, Walls had not mixed the proper ingredients. Under P&G rules of practice, this was falsification of company documents." (*Id.* at 2). Charles does not identify the other technician and does not explain the conclusion that Walls had not mixed the proper ingredients. Without more, there is nothing to indicate that Charles has personal knowledge regarding the statements, and they should therefore be stricken.

Finally, paragraph 7 states that "Defendant did not terminate Walls for claiming that he had performed checks or performed quality control procedures that he did not perform. Instead, Defendant advanced Walls to Step 2 of the compatibility system." (*Id.*). There is nothing to indicate Charles has any personal knowledge as to the reasons behind any action taken concerning Walls. Since there is no indication that Charles was involved in, or had any personal knowledge regarding personnel matters, these statements are also speculative and should be stricken.

## CONCLUSION

For the reasons set forth above, the Renewed Motion to Strike is **GRANTED** in part and **DENIED** in part. The Court should strike the provisions of the three affidavits which are not based on personal knowledge or which are conclusory or speculative. The remaining portions of

the affidavits should be considered by the Court when ruling on Defendant's Motion for Summary Judgment.

Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: July 08, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 135 in case 1:03-CV-01097 was distributed by fax, mail, or direct printing on July 11, 2005 to the parties listed.

---

Dan E. Long
188 Skyridge Dr.
Jackson, TN 38305

Stephen D. Wakefield
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

James J. Swartz
ASHE RAFUSE & HILL LLP
1355 Peachtree St., N.E.
Ste. 500
Atlanta, GA 30309--323

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Venita Marie Martin
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Cynthia G. Burnside
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

R. Lawrence Ashe
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Honorable James Todd
US DISTRICT COURT