IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DAN E. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 03-1097-T-An |
| | ) | |
| THE PROCTER AND GAMBLE MANUFACTURING COMPANY, a corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

---

ORDER DENYING PLAINTIFF'S APPEAL OF ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S
RENEWED MOTION TO STRIKE

---

Defendant's motion to strike the affidavits of Tony Lusby, Willie Carney, and Reginald Charles, which were attached to Plaintiff's response to Defendant's motion for summary judgment, was referred to Magistrate S. Thomas Anderson for a determination on May 26, 2005. Magistrate Judge Anderson issued a ruling on July 11, 2005. Magistrate Judge Anderson found that the provisions of the affidavits which were not based on personal knowledge or which were conclusory or speculative should be stricken. The remaining portions of the affidavits should be considered by the court when ruling on Defendant's motion for summary judgment. The parties were advised that any objections to the order must be made in writing within ten days after service of the order. Plaintiff filed an appeal

This document entered on the docket sheet In compliance
with Rule 58 and/or 79 (a) FRCP on __09-16-05__

of that order on July 29, 2005. Defendant has filed a response. For the reasons set forth below, Plaintiff's appeal is DENIED.

A party aggrieved by the magistrate judge's order may seek review of it by appealing to the district court within ten days after being served with a copy of the order. See Local Rule 72.1(g). The district court's review of any pretrial matter made by the magistrate judge is governed by Rule 72(g) of the Federal Rules of Civil Procedure, which provides: "The presiding district judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(g)(1); see also § 28 U.S.C. 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 26 F.3d 926, 943 (7th Cir. 1997).

Defendant motion to strike the affidavits was based on three arguments: (1) the affidavits were not based on the personal knowledge of the affiants; (2) the affidavits conflicted with the affiants' deposition testimony; (3) a portion of Lusby's affidavit was irrelevant and overly prejudicial to Defendant. The court will consider Magistrate Judge Anderson's ruling as to each affidavit.

### Tony Lusby

The Magistrate Judge determined that a portion of paragraph nine should be stricken. The stricken portion states that "[t]hereafter, Mr. Yeager signed the inspection log sheet and

reported that all devices due for inspection that month were 100% complete; however, Don Ellis did not actually perform the safety checks." The Magistrate Judge found that this portion of paragraph nine was not based on the personal knowledge of the affiant. In particular,

> Lusby fails to state how he came to know that Yeager signed the inspection sheet after Ellis allegedly failed to perform the safety checks. Although Ellis and Lusby worked in the same module, the Court needs more information that specifically shows that Lusby has personal knowledge that Ellis did not perform the safety checks. Moreover, paragraph nine continues that "Mr. Yeager's report was false;" however, Lusby does not explain how he knows Yeager's report was false. Lusby offers nothing from which the Court can conclude that he had personal knowledge that the report was in fact false. Lusby then concludes that "Mr. Yeager was required to base his report on the individual inspection sheets completed by each inspection. He did not do so in creating this report." This conclusory statement is premised on the previous statements which lack any personal knowledge basis.

Mag. Order at p. 4.

Plaintiff contends that the Magistrate Judge was in error because Lusby "adequately provides a basis for his knowledge" in that Lusby "was in a position to obtain knowledge of the facts stated in his affidavit." Plaintiff's Appeal at p. 4.

The only evidence that Lusby provides in his affidavit concerning his personal knowledge is the fact that he was the technical safety program leader and that he and Ellis worked in the same module. Lusby Affidvit at para. 7-8. Lusby does not state that he was present when the alleged falsification occurred or that he participated in the investigation of the incident. Thus, the Magistrate Judge's determination was not clearly erroneous.

Paragraph ten, which states that "Procter & Gamble did not discipline Mr. Yeager for the false report," was struck because "Lusby offers nothing from which the Court could conclude that he had personal knowledge about disciplinary action, if any, that Procter & Gamble may have taken against Yeager." Again, the Magistrate Judge was not clearly erroneous in concluding that Lusby failed to show that he had personal knowledge of this fact, merely by virtue of his position with Defendant.

Magistrate Judge Anderson also found that paragraph twelve, which states that "[a]t least sixteen African-American technicians filed charges of discrimination with the Equal Employment Opportunity Commission against Procter & Gamble between 1999 and 2001," should be stricken because Lusby provided no information as to how he had personal knowledge of EEOC charges filed by other employees. In his appeal, Plaintiff contends that it is undisputed that sixteen "employees <u>believed</u> that at some point during their employment, Defendant discriminated against them on the basis of their race." Plaintiff's Appeal at p. 4 (emphasis in original).

Even if Lusby had personal knowledge that the sixteen employees <u>believed</u> that they had been discriminated against, Plaintiff has not established that Lusby had personal knowledge that these employees, in fact, filed charges of discrimination with the EEOC. Thus, the Magistrate Judge's ruling was not clearly erroneous. See <u>Abioye v. Sundstrand Corp.</u>, 164 F.3d 364 (7th Cir. 1998) ("[N]one of the conclusory statements made by the affiants demonstrated, with sufficient particularity, that they actually knew whether younger,

4

white employees were treated better than Mr. Abioye; their statements were merely conjecture based on rumor.")

Accordingly, the court denies Plaintiff's appeal as to the portions of Lusby's affidavit that the Magistrate Judge determined should be struck.

### Willie Carney

The Magistrate Judge struck several statements from Willie Carney's affidavit. Paragraph four, which states that "Procter & Gamble did not customarily terminate white employees who allegedly falsified logs," was stricken as a conclusory statement. Paragraph five, which states that "[t]he fire was caused because Ms. Legions did not follow the shut down checklist," was also struck as a conclusory statement. The Magistrate Judge determined that

> while Carney may have worked on an adjacent line to Ms. Legions, he does not necessarily have the personal knowledge needed to state what caused a fire. Carney fails to state in his affidavit that he was actually present when the fire started, and Carney fails to list any other specifics about when and how the fire occurred. Simply stating that the fire was Ms. Legions' fault and stating his opinion as to what caused the fire is not sufficient.

As noted by Magistrate Judge Anderson, affidavits "must concern facts as opposed to conclusions, assumptions, or surmise." Mag. Order at p. 5 (citing Perez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001). Being in a "position" to obtain knowledge of certain facts, see Plaintiff's Appeal at p. 5, is not the same as actually having personal knowledge of those facts.

Also in paragraph five, Magistrate Judge Anderson struck the sentence, "Ms. Legions signed-off, thereby indicating she had performed the steps on the checklist, by initialing the log, although she had apparently not done so," finding that the word "apparently" is speculative. Because the affidavit contains no facts establishing that Carney actually knew that Legions had not performed the steps on the checklist, this finding is not clearly erroneous.

The following sentences in paragraph five were stricken: "There was no problem with the processor that day. If Ms. Legions had followed each step, the fire would not have started if Ms. Legions had cleared out all the chips." The Magistrate Judge correctly found that "Carney does not state how he knew there was not a problem with the processor on the day in question, or even state the exact date when this incident occurred. Without more, general statements that the fire would not have occurred is not based on personal knowledge." Mag Order at p. 6. Again, the fact that Carney was "in a position" to obtain personal knowledge of these facts, see Plaintiff's Appeal at p. 5, does not mean that he actually had personal knowledge.

Paragraph six was struck in its entirety. This paragraph reads as follows:

> Upon my knowledge information and belief, Ms. Legions was not disciplined for this conduct. More often that not, when a technician was advanced in the Compatibility System, Procter & Gamble's disciplinary system, there was much talk about it around the plant. Additionally, the team manager usually held a meeting with team members to discuss the appropriate level of discipline.

6

The Magistrate Judge correctly determined that statements "made on information and belief do not satisfy the requirements of Fed. R. Civ. P. 56(e)." See Columbia Pictures Industries, Inc. v. Professional Real Estate Inv., 944 F.2d 1525 (9th Cir.1991), *cert. granted on other grounds*, 503 U.S. 958 (1992) (affiant statements "not based upon personal knowledge, but on information and belief" fail to raise an issue of fact regarding antitrust injury); Hlinka v. Bethlehem Steel Corp., 863 F.2d 279 (3rd Cir.1988); Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2nd Cir.1988), Londrigan v. F.B.I., 670 F.2d 1164 (D.C. Cir.1981) ("an affidavit based merely on information and belief is unacceptable"); Maietta v. United Parcel Service, 749 F. Supp. 1344 (D.N.J.1990) (affidavit testimony "based on information and belief ... is without weight ... [and] inadmissible to create [a] triable issue").

The Magistrate Judge struck the portion of paragraph seven that states: "In or about November or December 2000, Ms. Legions, then a T-3, caused another fire in the processor. I was also at work that day. Again, Ms. Legions failed to remove all chips in the processor; however, she signed the log indicating that she had removed all burnt chips from the upper-blow basket." Magistrate Judge Anderson determined that

> Carney has provided the Court with no indication as to how he is qualified to state what caused the fire. The fact he "was at work that day," without more, is of little value to the Court. Carney also does not state how he knows Ms. Legions did not remove the burnt chips or that he personally saw Ms. Legions sign the log. For these reasons, this portion of paragraph seven contains conclusory accusations not based upon personal knowledge, so this portion should be stricken.

Mag. Order at pp. 6 - 7. This determination was not clearly erroneous.

The Magistrate Judge also correctly found that paragraph eight, which reads that "[a]s far as I know, Ms. Legions was not placed in the disciplinary system for this fire," is speculative.

Accordingly, the court denies Plaintiff's appeal as to the portions of Carney's affidavit that the Magistrate Judge determined should be struck.

## Reginald Charles

Magistrate Judge Anderson struck the sentence in paragraph three which states that "[i]n 2001, Don Walls, [a] white male technician, signed off on a raw materials quality control log indicating that he had verified that all the correct ingredients and percentage of ingredients had been entered into the recipe" because Charles did not state how he obtained the information nor did he state that he witnessed Walls sign off on the control log nor did he state how he was aware that Walls verified that the correct ingredients were entered into the recipe.

As with the affidavits of Lusby and Carney, Plaintiff argues that Charles would have had access to this information through his position with Defendant. Plaintiff's Appeal at p. 6. As discussed above, having access to information and actually possessing that information are not the same.

The Magistrate Judge struck the statements in paragraph three that "Mr. Walls had in fact misformulated the dough" and in paragraph five that "Don Walls also signed a raw

8

material log indicating that he had entered the correct recipe" as conclusory because Charles gave no basis for his knowledge. This decision was not clearly erroneous.

The portion of paragraph six stating that "[s]everal shifts later, another technician discovered that, contrary to the log, Walls had not mixed the proper ingredients. Under P&G rules of practice, this was falsification of company documents" was struck because Charles did not identify the other technician and did not explain his conclusion that Walls had not mixed the proper ingredients. The Magistrate Judge correctly concluded that "there is nothing to indicate that Charles has personal knowledge regarding the statements, and they should therefore be stricken." Mag. Order at p. 8.

The statements in paragraph seven that "Defendant did not terminate Walls for claiming that he had performed checks or performed quality control procedures that he did not perform. Instead, Defendant advanced Walls to Step 2 of the compatibility system" were struck because Charles did not indicate that he had any personal knowledge as to the reasons behind any action taken concerning Walls. "Since there is no indication that Charles was involved in, or had any personal knowledge regarding personnel matters, these statements are also speculative and should be stricken." Mag. Order at p. 8. The Magistrate Judge's decision was not clearly erroneous.

Accordingly, the court denies Plaintiff's appeal as to the portions of Charles' affidavit that the Magistrate Judge determined should be struck.

9

## Conclusion

It is well-settled that a court should strike any matter in an affidavit not made on personal knowledge or that is speculative or that is conclusory. Fed. R. Civ. P. 56(e); see Pfeil v. Rogers, 757 F.2d 850, 862 (7th Cir.1985) (court properly excluded unsupported suspicion and argumentation that lacked foundation in the record), *cert. denied*, 475 U.S. 1107 (1986). The Magistrate Judge's determinations as to which statements in the three affidavits should be struck was in accordance with this rule of law. Because Plaintiff has failed to show that the ruling of the Magistrate Judge was "clearly erroneous or contrary to law," the appeal of the Magistrate Judge's granting in part and denying in part Defendant's renewed motion to strike is DENIED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

15 September 2005
DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 146 in case 1:03-CV-01097 was distributed by fax, mail, or direct printing on September 16, 2005 to the parties listed.

---

Dan E. Long
188 Skyridge Dr.
Jackson, TN 38305

Stephen D. Wakefield
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

James J. Swartz
ASHE RAFUSE & HILL LLP
1355 Peachtree St., N.E.
Ste. 500
Atlanta, GA 30309--323

Cynthia G. Burnside
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

R. Lawrence Ashe
ASHE & RAFUSE, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Venita Marie Martin
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT