IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DAN E. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 03-1097-T-An |
| | ) | |
| THE PROCTER AND GAMBLE | ) | |
| MANUFACTURING COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTIONS IN LIMINE

Defendants have filed the following motions in limine: to exclude portions of Plaintiff's testimony [Docket #150]; to exclude evidence of, from, or regarding unrelated lawsuits or charges of discrimination against Defendant [Docket # 152]; to preclude testimony from Willie Carney, Tony Lusby and Reginald Charles [Docket # 154]; and to exclude Evelyn Harris and Bernice Taylor as witnesses [Docket # 156]. Plaintiffs have filed two motions in limine [Docket #s 161and 163]. For the reasons set forth below, the motions are DENIED.

In Sperberg v. Goodyear Tire & Rubber Co., the Sixth Circuit warned against "orders in limine that exclude broad categories of evidence" and advised that the "better practice is to deal with questions of admissibility of evidence as they arise." 519 F.2d 708, 712 (6th

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  12·30·05

Cir.), *cert. denied*, 423 U.S. 987 (1975). Deferring admissibility decisions until trial is the better practice because "there are countervailing considerations, especially with respect to . . . rulings under Rule 403 which [if] made pre-trial [would be] without the benefit of the flavor of the record developed at trial." In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3rd Cir. 1983), rev'd sub nom. on other grounds, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); see also Hunter v. Blair, 120 F.R.D. 667, 667 (S.D. Ohio 1987) ("[o]nly after the evidence is actually offered can this Court balance any prejudicial effect or probative value in determining the admissibility of that evidence"). A motion in limine is "essentially an advisory opinion" as to evidentiary questions, and the court may "change its ruling, for whatever reason, when the evidence is actually offered and objected to at trial." United States v. Luce, 713 F.2d 1236, 1239 (6th Cir. 1983). The court may decline to make pretrial rulings because they "are not provided for in the Federal Rules of Civil Procedure and are merely requests for the Court's guidance." Hunter, 120 F.R.D. at 667.

Defendant has moved to exclude the testimony of Evelyn Harris and Bernice Taylor, medical professionals that Plaintiff has disclosed as either providing him with prescriptions for medication and/or direct counseling services. Defendant contends that Plaintiff failed to identify these individuals as experts as required by Fed. R. Civ. P. 26. Plaintiff has responded that Harris and Taylor will be offered as fact witnesses rather than expert witnesses.

2

Rule 26(a) requires the parties to disclose any expert witnesses whom they intend to present at trial. Fed. R. Civ. P. 26(a)(2)(A), (C). The rule also requires a written report setting forth, *inter alia*, the opinions to be offered by each expert witness and the basis therefor. Rule 26(a)(2)(B). "The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000). Rule 37 in turn provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

Whether a treating professional comes within the purview of Rule 26(a)(2) is dependent, in large part, on the scope of his testimony. *Compare* Richardson v. Consolidated Rail Corp., 17 F.3d 213 (7th Cir. 1994) (A treating physician is not considered an expert witness if he testifies about observations based on personal knowledge, including the treatment of the party.) *with* Patel v. Gayes, 984 F.2d 214 (7th Cir.1993) (Treating physicians' opinions on industry standard of care constituted classic expert testimony.). See also Ridder v. City of Springfield, 1997 WL 117024 (6th Cir.) (Approving order of magistrate judge which permitted treating physicians to testify without Rule 26(a)(2)(B) expert report disclosures "so long as they do not purport to testify beyond the scope of their

3

own diagnosis and treatment."). See also Hamburger v. State Farm Mutual Auto. Ins. Co., 361 F.3d 875, 882 & n. 4 (5th Cir.2004) (The requirements of Rule 26(a)(2)(B) do not apply to witnesses who are not specially employed to provide expert testimony.)

In the present action, it appears that Defendant is asking the court to issue an advisory opinion, "a practice greatly disfavored" by the courts. Callwood v. Questel, 883 F.2d 272 (3rd Cir.1989). The court cannot determine if the testimony of Plaintiff's treating counselors falls within the purview of Rule 26(a)(2) until those counselors testify. Therefore, Defendant's motion in limine to exclude the testimony of Evelyn Harris and Bernice Taylor is denied.

The remaining motions in limine seek to exclude testimony that the movants contend is irrelevant and/or not based on personal knowledge and/or constitutes improper character evidence and/or is inadmissible hearsay and/or is more prejudicial than probative. Any such ruling would be premature. Instead of making an advance ruling, the court will entertain evidentiary objections as they are made during the trial.

Accordingly, the motions in limine of Defendant and Plaintiff are DENIED. IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_27 December 2005_
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 177 in case 1:03-CV-01097 was distributed by fax, mail, or direct printing on December 30, 2005 to the parties listed.

---

Cynthia G. Burnside
ASHE, RAFUSE & HILL, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Stephen D. Wakefield
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

James J. Swartz
ASHE RAFUSE & HILL LLP
1355 Peachtree St., N.E.
Ste. 500
Atlanta, GA 30309--323

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Dan E. Long
188 Skyridge Dr.
Jackson, TN 38305

Venita Marie Martin
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

R. Lawrence Ashe
ASHE, RAFUSE & HILL, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Adam F. Glankler
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Carmen Alexander Butler
ASHE RAFUSE & HILL, LLP
1355 Peachtree St., NE
Ste. 500
Atlanta, GA 30309--323

Kim Koratsky
WYATT TARRANT & COMBS
1715 Aaron Brenner Drive
STE 800
Memphis, TN 38120--436

Honorable James Todd
US DISTRICT COURT