IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DAN E. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 03-1097-T-An |
| | ) | |
| THE PROCTER AND GAMBLE | ) | |
| MANUFACTURING COMPANY, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT'S REQUEST FOR
POST-TRIAL JUROR INTERVIEWS

Defendant has sent a letter to the court requesting permission to interview the jurors who rendered a verdict in this matter. Plaintiff has also sent a letter to the court opposing Defendant's request. For the reasons set forth below, Defendant's request is DENIED.

The decision whether to allow attorneys to interview jurors after a trial lies in the sound discretion of the trial judge. Wilkerson v. Johnson, 699 F.2d 325 (6th Cir. 1983). Generally, federal courts, including this court, disfavor post-trial juror interviews. Haeberle v. Texas Int'l Airlines, 739 F.2d 1019, 1021 (5th Cir.1984); United States v. Narciso, 446 F. Supp. 252, 324 (E.D. Mich.1977). "Prohibiting post-verdict interviews protects the jury from an effort to find grounds for post-verdict charges of misconduct, reduces the chances of temptations for tampering with the jury, increases the certainty of civil trials, and spares the

district courts time-consuming and futile proceedings." Haeberle, 739 F.2d at 1021. The interests of litigants and their attorneys to satisfy their curiosity and improve their advocacy are outweighed by the jurors' interest in privacy and the public's interest in well-administered justice. Id. at 1022. Absent evidence of juror impropriety, litigants and attorneys have no right to invade the province of the jury room. United States v. Gravely, 840 F.2d 1156, 1159 (4th Cir.1988).

In the present case, Defendant has not demonstrated a compelling reason to contact jurors. Defendant states that it seeks to gain an understanding of why the jury reached its verdict and what its Jackson plant should "be doing differently." These reasons are not sufficient to overcome this court's long standing practice of refusing requests to conduct post-trial juror interviews. Consequently, the request is DENIED.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE